UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| TOMMY JOE GREEN, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. G-11-162 |
| § | |
| RICK THALER, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND ORDER OF DISMISSAL

The petitioner, Tommy Joe Green (TDCJ #1457671), seeks habeas corpus relief under 28 U.S.C.§2254, challenging a 2007 state felony conviction of possession of a deadly weapon by a felon. The respondent has filed a motion for summary judgment (Doc. # 8), to which Green has responded. (Doc. No. 9). Based on a careful consideration of the pleadings, the record and the applicable law, this court grants the respondent's motion and by separate order enters final judgment dismissing the case. The reasons for this ruling are set out below.

### I. PROCEDURAL HISTORY

Green was convicted of possession of a firearm by a convicted felon on August 9, 2007, in the 56th Judicial District Court of Galveston County, Texas. (The indictment also alleged that Green had two other prior felony convictions.). The jury sentenced Green to fifty years imprisonment in the Texas Department of Criminal Justice - Correctional Institutions Division. A few days after the jury's verdict, the trial court judge, the Honorable Lonnie Cox, issued findings of fact and conclusions of law setting out the factual and legal reasons for denying Green's motions to suppress the evidence secured as a result of the search, and to suppress Green's statement. The First District Court of Appeals affirmed on July 16, 2009. The Texas Court of Criminal Appeals denied Green's petition for discretionary review ("PDR") on

February 3, 2010. Green filed an application for a state writ of habeas corpus on July 29, 2010. The Texas Court of Criminal Appeals denied his application without written order on the findings of the trial court without a hearing, on October 6, 2010.

Green now seeks a federal writ of habeas corpus to challenge his state court conviction under 28 U.S.C.§2254. In that petition, Green argues that he is entitled to relief for the following reasons:

1. The search incident to the arrest violated his rights under the Fourth and Fourteenth Amendments.

2. His statement to police was involuntary, violating his rights under the Fifth, Sixth and Fourteenth Amendments.

3. His trial counsel was ineffective in failing to challenge the legality of the search under *New York v. Belton.*

II. **FACTUAL BACKGROUND**

Below are the facts of Green's crime, as summarized by the appellate court:

Texas City Police Officer Richard Valdivia pulled over the car appellant was driving when Valdivia saw appellant fail to signal a right turn. Appellant parked the car, got out, and waited for Officer Valdivia to approach him. Valdivia asked appellant for his driver's license, and appellant responded that he had only an identification card. Officer Valdivia also asked for permission to search both appellant and the car. Appellant gave permission for a personal search, but refused to allow a search of the car, explaining that it did not belong to him. Valdivia had a search run on appellant, which revealed that appellant did not have a driver's license, and Valdivia arrested appellant. *See* TEX. TRANSP. CODE ANN.§ 521.021 & .461 (Vernon 2007)(requiring driver's license when operating motor vehicle on highway and establishing offense for violation).

After appellant's arrest, Officer Valdivia's partner, Officer Brian Berg, searched the car appellant was driving. Berg searched the immediate area where appellant had been sitting and found a .38 handgun wrapped in a cloth in the middle of the passenger's seat. A man approached the officers and claimed to own the car, but the officers testified that appellant had already been arrested and that the search was either in progress or had been concluded. The officers did not allow the man to prove his ownership. The car was towed away, pursuant to what Officer Berg testified was the standard practice of the Texas City Police Department to either

tow a vehicle or release it to the registered owner. The alleged owner did not testify at trial.

Detective Randall Johnson spoke to appellant on the day after appellant was arrested. Johnson testified that he informed appellant of his Miranda[1] rights before asking appellant to make a statement. Johnson testified that appellant waived those rights in writing before making his voluntary statement and confession, and that appellant neither requested an attorney, nor appeared intoxicated. Johnson also testified that approximately 27 hours after the arrest, appellant signed the statement and confession, which contained the following language: "I further state that I understand that I have waived each of the rights set out in the beginning of this statement and was fully aware of my rights during the entire period that the above statement was taken."

Appellant testified outside the presence of the jury that he was under the influence of the drug Xanax at the time of his arrest and that the effect of the drug had not worn off when he signed his confession. Appellant also testified that he asked Detective Johnson for an attorney.

After an evidentiary hearing outside the jury's presence, the trial court denied appellant's motion to suppress the statement:

> THE COURT: Okay. It's the Court's finding that a [code of Criminal Procedure article] 38.22 warning was appropriately given in this case and was initialed off and was signed off by the Defendant in this case on multiple occasions. And that the Defendant had – did waive his *Miranda*, so-called *Miranda* rights not just once, but a couple of times. And that the statement was made voluntarily. So I'm denying the suppression of the statement. And that's it.
>
> *See* TEX. CODE CRIM. PROC. ANN. art. 38.22§2 (Vernon 2005).

The trial court did not expressly rule prejudgment on the motion to suppress evidence of the gun.

## III.  STANDARD OF REVIEW

This court reviews Green's petition for writ of habeas corpus under the federal habeas statutes as amended by the Antiterrorism and Effective Death Penalty Act of 1996. 28 U.S.C.§ 2254; *Woods v. Cockrell*, 307 F.3d 353, 356 (5th Cir. 2002); *Nobles v. Johnson,* 127 F.3d 409,

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 467-68 (1966).

3

413 (5th Cir. 1997) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). Subsections 2254(d)(1) and (2) of the AEDPA set out the standards of review for questions of fact, questions of law, and mixed questions of fact and law that result in an "adjudication on the merits." An adjudication on the merits "is a term of art that refers to whether a court's disposition of the case is substantive, as opposed to procedural." *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000).

In ruling on a motion for summary judgment, this court views the evidence through "the prism of the substantive evidentiary burden." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 254 (1986). The court must look "through the prism of AEDPA deference." *Ward v. Dretke*, 420 F.3d 479, 499 (5th Cir. 2005).

The AEDPA provides as follows, in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e) (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

A state-court determination of questions of law and mixed questions of law and fact is reviewed under 28 U.S.C. § 2254(d)(1) and receives deference unless it "was contrary to, or

4

involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state-court decision is "contrary to" Supreme Court precedent if (1) the state court's conclusion is "opposite to that reached by the [the Supreme Court] on a question of law" or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362 (2000). A state court unreasonably applies Supreme Court precedent if it: (1) unreasonably applies the correct legal rule to the facts of a particular case; or (2) "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 390-91. In deciding whether a state court's application was unreasonable, this Court considers whether the application was "objectively unreasonable." *Id.*; *Penry v. Johnson*, 215 F.3d 504, 509 (5th Cir. 2000). Fact findings by the state court are "presumed to be correct . . . and [receive] deference . . . unless . . . based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Hill*, 210 F.3d at 485 (quoting 28 U.S.C. § 2254(d)(2)).

Pure questions of fact are governed by 28 U.S.C. § 2254(d)(2). *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). In addition, a state court's factual findings are entitled to deference on federal habeas corpus review and are presumed correct under 28 U.S.C. § 2254(e)(1), unless the petitioner rebuts those findings with "clear and convincing evidence." *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citing *Hughes v. Dretke*, 412 F.3d 582, 589 (5th Cir. 2005) and 28 U.S.C. § 2254(e)(1)). This deference extends not only to express findings of fact, but to the implicit findings of the state court as well. *Garcia*, 454 F.3d at 444-45 (citing *Summers v. Dretke*, 431 F.3d 861, 876 (5th Cir. 2005).

While, "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir.), *cert. denied*, 531 U.S. 831 (2000), the rule applies only to the extent that it does not conflict with the habeas rules.  Section 2254(e)(1) - which mandates that findings of fact made by a state court are "presumed to be correct" - overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party.  Unless the petitioner can "rebut [ ] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct.  *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002). Moreover, once a party has been given a reasonable time to respond to an opposing party's motion for summary judgment but fails to make any attempt to do so, the Court may rule upon the evidence before it and may treat that evidence as undisputed.  *Eversley v. MBank Dallas*, 843 F.2d 172, 173-74 (5th Cir. 1988).

Green is a *pro se* petitioner.  In this circuit, *pro se* habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as are pleadings filed by lawyers. *See Martin v. Maxey*, 98 F.3d 844, 847 n. 4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988).  This court accords Green's state and federal habeas petitions a broad interpretation.  *Bledsoe v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

## III. DISCUSSION

### A. The Fourth Amendment Claim

Green claims that his car was illegally searched incident to his arrest because he could not have accessed his car to retrieve weapons or evidence at the time of the search.  Green also

asserts that he gave the arresting officer permission to pat him down but not to search the vehicle. Green claims that the search violated the Fourth Amendment.

The United States Supreme Court has held that where a state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. *Stone v. Powell*, 428 U.S. 465, 494 (1976). The United States Court of Appeals for the Fifth Circuit applies this bar as long as the state gives the defendant an opportunity to litigate the issue, whether or not the defendant takes advantage of the opportunity. *ShisInday v. Quarterman*, 511 F.2d 514, 525 (5th Cir. 2007) (citing *Janecka v. Cockrell*, 301 U.S. F.3d 316, 320-21 (5th Cir. 2002)). An allegation that the state court erred in its determination of the Fourth Amendment issue does not suffice to circumvent *Stone*. *See Sonnier v. Maggio*, 720 F.2d 401, 409 (5th Cir. 1983). *Stone* forecloses review absent allegations that the processes provided by a state are routinely or systematically applied in such a way as to prevent the actual litigation of Fourth Amendment claims on their merits. *Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006) (quoting *Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980)).

Green litigated his Fourth Amendment claim before trial, during trial and in a state habeas proceeding. He makes no assertion that the state processes are routinely or systematically applied in such a way as to prevent the actual litigation of his Fourth Amendment claims on the merits. Green was not foreclosed from litigating his claim in state court; accordingly, this Court may not review his Fourth Amendment claims.

    **B.**    <u>**The Ineffective Assistance of Counsel Claim**</u>

Green claims that trial counsel failed in his effort to suppress the evidence (the .38 pistol) because he did not advance the motion to suppress under *New York v. Belton*. As such, Green

7

claims that he received ineffective assistance of counsel. Green asserts that "but for counsel's deficient argument, and his omitting *Belton* and the theory underlying *Belton*... there exists a reasonable probability the entire outcome of the trial and appeal would have altered." (Doc. No. 1, p. 19-20). Green also refers to the memorandum opinion of the Court of Appeals for the First District of Texas, noting that the appellate court refused to address his claim that the search of the car he was operating violated his Fourth Amendment rights under *Arizona v. Gant*, 129 S.Ct. 1710 (2009) because counsel failed to object to the search pursuant to *Belton. Id.*

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland*, the defendant must show that (1) counsel's representation was deficient (i.e. that it fell below an objective standard of reasonableness) and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland*, 466 U.S. at 687-91 & 694. In other words, defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. *Id.*

"It is well settled that effective assistance is not equivalent to errorless counsel or counsel judged ineffective by hindsight. [citations omitted]. Rather, inquiry must be made into the totality of the circumstances surrounding counsel's performance to determine whether reasonably effective representation was provided." *Tijerina v. Estelle*, 692 F.2d 3, 7 (5th Cir. 1982). A court reviewing an ineffectiveness claim must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence or that,

under the circumstances, the challenged action might be considered sound trial strategy. *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993).

Under § 2254(d)(1), the Court must analyze whether the state court's ultimate decision that petitioner did not make the required *Strickland* showing was contrary to, or an unreasonable application of the *Strickland* standard. *See Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2004) (the test is not whether petitioner makes the *Strickland* showing). However, "a federal habeas court is authorized by § 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). A federal habeas court should assume the state court applied the correct "clearly established Federal law" in making its decision. *Schaetzle*, 343 F.3d at 443.

To establish "deficient performance," Green must show his attorney's errors were "so serious that his counsel was not functioning as the 'counsel' that the Sixth Amendment guarantees." *Strickland*, 466 U.S. 668, 687. An attorney is not required to make futile objections, nor to overcome the presumption that the challenged action would be considered sound trial strategy. *Id.* at 691. Trial counsel will not be deemed ineffective for failing to advance a defensive theory when his decision was a reasonable strategic choice based upon a "professional assessment of the plausibility of the defense and its likelihood of success at trial." *Moreno v. Estelle*, 717 F.2d 171, 177 (5th Cir. 1983). Importantly, even when counsel's performance is deficient, a petitioner will not prevail on a claim of ineffective assistance of counsel unless he can satisfy the second prong of the test, which requires a showing of prejudice.

In his affidavit, Green's trial counsel notes that *Arizona v. Gant* was not decided until after Green's trial, and that "had the legal precedent of *Arizona v. Gant*[2] been in effect at the time

---

[2] In *Gant,* the Supreme Court rejected a broad interpretation of *Belton* that would permit a search of the entire passenger compartment of a vehicle with no regard to whether the interior compartment was

9

of Mr. Green's trial, the court would have had compelling legal authority to grant the Motion to Suppress." WR-74,733-01 at 50-51. Because the gun in Green's car was found by the arresting officer in a search incident to Green's arrest, there was no reason for trial counsel to object under the law of *Belton*,[3] which was the prevailing law at the time of the incident. As stated by the respondent, trial counsel cannot be held responsible for the change in law in *Arizona v. Gant* that occurred two years after Green's trial. Counsel is not expected or required to foresee future developments in the law. *See Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir. 1997) (holding that there is no general duty on the part of defense counsel to anticipate changes in the law). Moreover, *Strickland* precludes this sort of hindsight. *See* 466 U.S. at 689. The ineffective assistance of counsel claim is without merit.

### B.     The Failure to Suppress the Petitioner's Involuntary Statement

In his statement to the police, Green admitted that the gun found in the car was his and that he was a convicted felon. Green believes his statement to police should have been suppressed because he invoked his right to counsel before giving his statement. (Doc. No.1, p.7; p. 17 (memorandum)). The respondent argues this claim is unexhausted.

The record shows that Green's trial counsel filed a motion to suppress Green's statement, arguing that once Green invoked his right to an attorney, any subsequent waiver was ineffective and that Green's intoxication at the time of the waiver made the waiver invalid.   III RR 128. The motion to suppress was denied by the trial judge (who found that Green did not invoke his

---

actually accessible to the arrestee at the time of the search. *Gant* limited the warrant exception to only officers "search[ing] a vehicle incident to a recent occupant's arrest ... when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search. *Gant*, 129 S.Ct. 1710 at 1719.

[3] In *Belton*, the Supreme Court held that an officer who arrests "the occupant of an automobile ... may, as a contemporaneous incident of that arrest, search the passenger compartment of the automobile" and any containers found inside. 453 U.S. 454, 460 (1981).

10

right to an attorney before giving his statement and was not intoxicated at the time he gave his statement). On appeal, Green again claimed that his statement was involuntarily given, arguing that a confession taken after the invocation of the right to an attorney was unconstitutional. The appellate court, noting the absence of citation of any legal authority by Green in support of this proposition, overruled the point of error. In his petition for discretionary review, Green argued that the introduction of his statement violated the Fourth, Sixth and Fourteenth Amendment. In so doing, he stated that: (1) appellate counsel presented a clear articulation of the facts of the case on appeal; (2) "even if somebody signs the waivers after that if the right to attorney is invoked, then that's not a valid waiver"; (3) appropriate citations were included in the appeal, and; (4) the motion to suppress the evidence should have been granted because Texas City police officer Valdivia "failed to issue the standard traffic citation and/or warning to him for the failure to use his turning signal or for driving a vehicle without a valid drivers license to justify the stop and arrest as prescribed under both Texas and United States Constitution." (Doc. No. 7, Exh. 8). As correctly noted by the respondent, no reference, whatsoever, to the Fifth Amendment or *Edward v. Arizona* (as brought in the federal petition) was made by Green in his PDR. Similarly, Green challenged only the legality of the search in his state application for writ of habeas corpus, but did not challenge the admissibility of his statement. Even if Green had exhausted his Fifth Amendment claim, the trial court held that Green did not invoke his Fifth Amendment right to counsel before his statement was given. Where pure questions of fact are concerned, a petitioner is not entitled to relief unless he demonstrates that the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C.§2254(d)(2).

The federal habeas corpus scheme of review requires petitioners to first present their claims in state court and to exhaust all state court remedies through proper adjudication on the merits. *See* 28 U.S.C. § 2254(b). "To satisfy the exhaustion requirement, the petitioner must fairly present the substance of his federal claim to the highest state court." *Ries v. Quarterman*, 522 F.3d 517, 523 (5th Cir. 2008). If a claim has not been adjudicated on the merits in state court, federal review is procedurally barred if the last state court to consider the claim expressly and unambiguously based its denial of relief on an independent and adequate state-law ground. *Coleman v. Thompson,* 501 U.S. 722, 729 (1991); *Lee v. Kemna*, 534 U.S. 362, 375 (2002). The doctrine of procedural default also prevents habeas review when a petitioner has failed to meet state procedural requirements for presenting his federal claims, thereby depriving the state courts of an opportunity to address those claims in the first instance. *See Coleman*, 501 U.S. at 732 (noting that, "[w]hen a petitioner fails to properly raise his federal claims in state court, he deprives the State of 'an opportunity to address those claims in the first instance' and frustrates the State's ability to honor his constitutional rights").

The State correctly argues that Green has not exhausted his state court remedies on the instant claim because he did not challenge the admissibility of his statement under the Fifth Amendment at the highest state level. Green provides no explanation for his failure to do so. It is well established that "[i]f a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2000)(citing *Coleman*, 501 U.S. at 735 n.1, and *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995)). Green's unexhausted claim could have been raised in his state habeas corpus application. Accordingly, a successive petition

would be barred by the Texas abuse-of-the-writ statute. *See* TEX.CODE CRIM. PROC.ANN. art. 11.07,§4(a). Because Texas would likely bar another habeas corpus application by the petitioner on this subject, this default represents an adequate state procedural ground which, in turn, bars federal review of his claims unless an exception applies. *Finley*, 243 F.3d at 220 (citing *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995)).

Where a petitioner has procedurally defaulted on a claim in state court, federal habeas corpus review is available only if he can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. The Supreme Court has explained that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753. Actual prejudice requires a showing that, based on the success of the underlying defaulted claim, the result of the proceeding would somehow have been different. *See Barrientes v. Johnson*, 221 F.3d 741, 769 (5th Cir. 2000).

Green does not attempt to show that the fundamental-miscarriage-of-justice exception applies in this case. Nor does he attempt to show cause for his default. Even if Green were to establish cause, he does not demonstrate the requisite prejudice in that he does not allege or show that his underlying defaulted claim would have been successful. *See Barrientes*, 221 F.3d at 769. Because Green fails to meet an exception to the doctrine of procedural default, these claims are barred from further review and must be dismissed.

## IV. CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

Under the AEDPA, a petitioner must obtain a certificate of appealability before he can appeal the district court's decision. 28 U.S.C. § 2253(c)(1). This court will grant a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Supreme Court made clear in its decision in *Miller-El v. Cockrell*, a COA is "a jurisdictional prerequisite," and "until a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from the habeas petitioners." When considering a request a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 325.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After considering all of the pleadings, the state court records, and the applicable law, the Court concludes that none of the issues presented in this case warrant a certificate of appealability under the applicable standard. Therefore, a certificate of appealability will not issue.

## V.      CONCLUSION

Based on the foregoing, the Court **ORDERS** that the respondent's motion for summary judgment is **GRANTED,** the petition for writ of habeas corpus is **DENIED,** and a certificate of appealability is **DENIED.**   All pending motions are **DENIED.**

SIGNED at Houston, Texas this 21st day of February, 2012.

_____
Kenneth M. Hoyt
United States District Judge